**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **CYRIL VETTER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **NO. 3:18-cv-00242** |
| ) | **CHIEF JUDGE CRENSHAW** |
| **MITCHELL SOLAREK, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANUM OPINION**

Before the Court is Cyril Vetter and Vetter Communications Corporation's (collectively "Plaintiffs") Motion for Partial Summary Judgment. (Doc. No. 20.) Defendants filed an untimely response, without any explanation, to Plaintiffs' instant motion. For the following reasons, Plaintiffs' Motion for Partial Summary Judgment will be granted.

**A. Factual Background**

On July 1, 2015, Plaintiffs executed a secured promissory note (the "Note") with Mitchell Solarek, on behalf of his business Maxx Recordings, LLC (collectively "Defendants"), for $100,000 (the "Debt"). (Doc. No. 22-2 at 1-3.) According to the Note's terms, interest compounded annually at 12 percent until maturity so that on the due date, the total amount due by Defendants was $112,000. (Id. at 1.) In return, Plaintiffs provided $100,000 in funding to Defendants through two, separate $50,000 payments. (Id.) The principal and any unpaid interest was due and payable by Defendants on July 1, 2016 (the "Maturity Date"). (Id.) In the event of any non-payment, Defendants also agreed to pay reasonable attorney fees not exceeding a sum equal to 15% of the then-outstanding balance owed on the Note, plus other reasonable expenses incurred by Plaintiffs in enforcing the Note. (Id. at 2.) Further, the Note was governed by Louisiana

law. (Id.) The Note was secured by a Pledge Agreement (the "Pledge") in which Defendants pledged their respective copyright interests to certain recording and musical works to Plaintiffs in the event of default. (See Doc. No. 1-2.)

On February 27, 2018, Plaintiffs filed a complaint, alleging that Defendants breached the Note by "failing to make the payments required under the Note when due." (Doc. No. 1 at 3.) In their complaint, Plaintiffs requested a joint and several judgment against Defendants in the amount of $100,000 plus interest, attorney fees, and other reasonable expenses as provided for by the Note. (Id. at 5.) In their answer, Defendants did not dispute the enforceability of the Note, but, rather, argued that the Note's terms, including its Maturity Date, had been modified. (Doc. No. 13 at 2.) Specifically, Defendants contended that Plaintiffs were made aware of Defendants' funding challenges and Defendants were "led to believe that the Maturity Date wasn't an issue since it was never mentioned by [Plaintiffs] . . . until this suit was filed." (Doc. No. 22-6 at 12.)

## B. **Plaintiffs' Motion for Partial Summary Judgment and Defendants' Untimely Response**

Plaintiffs then filed a Motion for Leave to File a Motion for Partial Summary Judgment, which this Court granted. (Doc. Nos. 17, 19.) The Court also ordered Defendants to respond to Plaintiff's Motion for Partial Summary Judgment within 28 days of the Court's order (dated December 6, 2018). (See Doc. No. 19.)

In their instant motion, Plaintiffs argue that the undisputed facts show that Defendants are in default and they are entitled to relief. (Doc. No. 22-1.) First, Plaintiffs contend that, by their admissions, Defendants concede that the Note is valid and binding on both parties. (Id. at 4-5.) Second, Plaintiffs argue that, by failing to repay the full amount of the Note on the Maturity Date, Defendants are in default. (Id. at 5.) Third, Plaintiffs explain that they did not agree to modify the Maturity Date. (Id. at 5-6.) Plaintiffs note that Defendants' modification theory relies on Plaintiffs'

alleged failure to mention the Maturity Date prior to commencing the instant litigation. (Id. at 6.) Plaintiffs contend that, even if they were silent as to the Maturity Date prior to the lawsuit, such silence could not modify Defendants' contractual obligations. (Id.) Plaintiffs acknowledge that, although modification can in certain instances be effected by silence, any modification must be clearly defined by the parties and secured by mutual assent. (Id. at 6-7.) Plaintiffs assert that because Defendants' modification theory does not contain any allegation that the modification, whether by silence or any other means, was clearly defined by the parties, it fails as a matter of law. (Id. at 7.) Alternatively, Plaintiffs argue that, even if Defendants' allegation is true, the parties' failure to discuss the Maturity Date necessarily means that the Note could not have been modified. (Id.) Finally, Plaintiffs argue that Defendants are "solidarily" liable for the full amount of the Debt, meaning that Defendants are joint and severally liable for the Debt. (Id. at 8-9.) Defendants filed their response in opposition on January 14, 2019. (Doc. No. 23.) Defendants do not provide any argument or explanation for their untimely response. (See id.)

**C. Applicable Law**

A party may obtain summary judgment if the evidence establishes that there are no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Covington v. Knox Cnty. Sch. Sys., 205 F.3d 912, 914 (6th Cir. 2000); Fed. R. Civ. P. 56(c). The moving party bears the initial burden of satisfying the Court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n. 4 (6th Cir. 1986). The ultimate question is whether any genuine issue of material fact is in dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported summary judgment motion, the nonmoving party must set forth specific facts that show a genuine issue of material fact for trial. If the party does not do so, summary judgment may be entered. Fed. R. Civ. P. 56(e). The nonmoving party's burden to point to evidence demonstrating a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. <u>Celotex</u>, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248.

**D. <u>Analysis</u>**

Plaintiffs have established that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law on their promissory note default claim. First, as a preliminary matter, Defendants have file their response to Plaintiffs' Motion for Partial Summary Judgment and Statement of Material Facts well outside the provided deadline (January 3, 2019), and, therefore, Plaintiffs' asserted facts are deemed undisputed for purposes of summary judgment. <u>See</u> Local Rule 56.01(f) ("If a timely response to a moving party's statement of material facts . . . is not filed within the time periods provided . . . the asserted facts shall be deemed undisputed for purposes of summary judgment.") Accordingly, the following facts are undisputed for purposes of summary judgment: (1) Defendants failed to pay the Debt on the Maturity Date; (2) Defendants never specifically discussed a modification of the Note's Maturity Date with Plaintiffs; and (3) the Note represents a binding agreement between Plaintiffs and Defendants in accordance with its terms. (<u>See</u> Doc. No. 20-76 at 1-3.)

Under these undisputed facts, Plaintiffs have established, as a matter of law, that Defendants are in default. The Note clearly shows a binding agreement between the parties pursuant to the terms described above. (<u>See</u> Doc. No. 22-2 at 103.) Defendants do not dispute that

the Note obligates them to make repayment to Plaintiffs in accordance with the Note's terms, and the Note has the effect of law between the parties. See Mobile-One Auto Sound, Inc. v. Whitney Nat. Bank, 78 So. 3d 807, 811 (La. App. 4th Cir. 2011) ("[T]he contractual relationship established by the parties . . . has the effect of law between the parties.") (citing La. Civ. Code art. 1983.) Additionally, upon non-payment of the Debt on the Maturity Date, Defendants were placed into default by operation of law. See id. at 814; La. Civ. Code art. 1990 ("When a term for the performance of an obligation is either fixed, or is clearly determinable by the circumstances, the obligor is put in default by the mere arrival of that term.") Further, by the terms of the Note, Defendants waived presentment, and, therefore, Plaintiffs were not required to submit a formal demand for payment before acting. (Doc. No. 22-2 at 1-2.)

As to Defendants' allegation that the Maturity Date was modified by the parties, Plaintiffs' undisputed facts show that "Defendants never specifically discussed a modification of the Note's Maturity Date with Plaintiffs." (Doc. No. 20-7 at 2.) Accordingly, without any discussion of modification, there was no mutual assent to modification of the Maturity Date between the parties, and no modification of the Maturity Date was achieved. See Williams Engineering, Inc. v. Goodyear, 480 So. 2d 772, 778 (La. Ct. App. 1985) (stating that modification requires the mutual consent of the parties). Moreover, in any event, the party alleging modification must prove that the modification was authorized and agreed to by the other party, and, consequently, where there is no evidence that the parties actually agreed to modify their agreement, the contract must be enforced as written. Cardos v. Cristadoro, 84 So. 2d 606, 610 (1955) ("We do not think that the rule permitting a written contract to be altered or modified by a subsequent . . . agreement can be successfully invoked, unless the alleged subsequent agreement is clearly defined and unless it is shown that the party sought to be held actually agreed to or authorized the subsequent contract.")

Put simply, a modification cannot occur "when the parties did not discuss or agree to the change." Soc'y of Roman Catholic Church of Diocese of Lafayette, Inc. v. Interstate Fire & Cas. Co., 126 F.3d 727, 738 (5th Cir. 1997). Defendants have offered no admissible evidence on their claim of modification to satisfy the foregoing standards. Even if Defendants' untimely response was properly before the Court, Plaintiffs' motion would be granted. Therefore, the Maturity Date was not modified and there is no genuine issue of fact—Defendants are in default as a matter of law under the terms of the Note—as they did not repay Plaintiffs by the Maturity Date (July 1, 2016).

Finally, under Louisiana law:

Except as otherwise provided in the instrument, two or more persons who have the same liability on an instrument as makers, drawers, acceptors, indorsers who indorse as joint payees, or anomalous indorsers are jointly and severally liable in the capacity in which they sign.

La. R. S. § 10:3-116. When examining the language of the parties to a promissory note, courts have determined that where two or more persons are referred to singularly, such language is consistent with joint and several liability. See Evangeline Fed. Sav. & Loan Ass'n v. Catha, 520 So. 2d 1314, 1316-17 (La. Ct. App. 1988) (citing cases). Because Defendants are referred to singularly as "Maker" in the Note, the statutory presumption in La. R. S. § 10:3-116 controls and Defendants' liability is joint and several. (See Doc. No. 22-2 at 2.)

Therefore, for the aforementioned reasons, Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 20) is **GRANTED**. The Court will file an accompanying order.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE